**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:38 PM September 7, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| WESLEY CURTIS SMITH, | ) | CASE NO. 16-62124 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Secured creditor Citizens Bank, NA ("Citizens") moved to strike Debtor's third amended plan as untimely. Debtor opposed the motion.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. This opinion is not intended for publication or citation.

The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# FACTS

Nearly eleven months ago, on October 13, 2016, Debtor filed a chapter 13 petition.   He owns real estate on Downing Street in East Sparta, Ohio.   In his schedules, he valued the property at $140,000 and stated he owes Citizens Bank nearly $100,000 on two mortgages.   He is delinquent on both mortgages.   In his original plan, he proposed to have the trustee disburse regular monthly mortgage payments of $616 on the first mortgage, and $150 payments on Citizens' junior lien.   He also proposed to cure a nearly $37,000 arrearage through the plan.

On November 23, 2016, Citizens filed a total debt claim for $60,437, indicating the loan matures on September 1, 2018.   The proof of claim also advanced that Debtor's mortgage payments, consisting of principal, interest and escrow, ranged from $1,179 to $1,288, almost double Debtor's proposed payment of $616.

Citizens objected to the original plan on December 6, 2016.   The objection stated that in order to pay off the first mortgage over the plan term, Debtor must pay $1,007 per month.   Since Debtor's proposed monthly payment to Citizens was far less, the plan was unfeasible.

After the chapter 13 trustee moved to dismiss, Debtor filed an amended plan on March 15, 2017.   In spite of the claim and Citizens' objection to confirmation, Debtor made no changes to Citizens' treatment under the plan.

Citizens again objected, restating the same arguments.

On May 2, 2017, Debtor objected to Citizens' mortgage claim, contending that the $60,000 figure was much higher than the approximately $46,000 figure set forth in a November 2016 statement.   He also challenged fees and expenses as excessive.

Debtor filed a second amended plan on May 3, 2017.   In this plan, he proposed monthly payments of $1,077 on Citizens' first mortgage and $150 per month on the second, for a total of $1,227 per month to Citizens, as well as payment of approximately $37,000 in arrears.   The plan said he would pay $1,228 per month to the trustee.   The issues with these amounts are patently obvious, as Citizens noted in its third objection to confirmation filed on May 8, 2017.

Meanwhile, Citizens responded to Debtor's objection to claim affirming the accuracy of the claim balance.   The response states the first mortgage balance is comprised of $44,299 in principal and interest, escrow advances and shortages of $11,171, and late fees, inspection costs, foreclosure fees, etc. of $4,967.

The court held a hearing on the objection to claim and confirmation on June 28, 2017. Debtor alleged he thought he obtained a mortgage modification reducing his payments to just over $600 per month for thirty years.   The court continued the hearing to July 19, 2017 to allow the parties to determine if a modification existed.

At the July 19, 2017 hearing, Debtor ceded that no modification existed.   The court

2

denied confirmation of the unfeasible plan and gave Debtor twenty-one days to file an amended plan, making an amended plan due August 9, 2017.   The order denying confirmation was entered on July 28, 2017. The order stated that an amended plan was due within twenty-one days of the order, creating an August 18, 2017 deadline.   Debtor filed his third amended plan on August 22, 2017.   Citizens moved to strike the plan as untimely and also filed an objection to the plan.

## **DISCUSSION**

The court outlined the history of this case to show that this case has wandered aimlessly in the course of a year.   Debtor acts on his own time schedule, causing unnecessary delay.   The next confirmation hearing is scheduled for October 25, 2017, meaning this case will not be confirmed within a year of its filing.

Further, Debtor filed plans that ignored Citizens' proof of claim and its objections to confirmation.   Little attention is given to the simple math driving the plan.   The sixty month plan proposes to pay $1,077 per month on the first mortgage, or $64,620, which would satisfy the claim, yet the plan also provides for payment of a $37,000 arrearage.   Plan payments have increased to $1,900 per month when Schedule J shows disposable income of $1,164 per month.   Paying $1,900 per month for sixty months would pay $114,000 when the total of all claims is less than $80,000.

Even now, Debtor's third amended plan lacks clarity.   Debtor states "Citizens One Mortgage will be paid by the debtor in full at the time the full mortgage is due by Debtor."   This could mean the mortgage will be paid by the maturity date in approximately one year, or whether could refer to the date of the final plan payment.   Clearly, the latter is in Debtor's best interest and the most logical understanding.

The problem for the court on the motion to strike the amended plan is manifold.   There is a working wage order and creditors will be paid.   Second, striking pleadings is generally "disfavored" and to be used "sparingly . . . [and only] when required for the purposes of justice." Brown & Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). Citizens has not moved to dismiss the case, nor filed a motion for relief from stay.   Its only argument is that the amended plan was untimely.   While true, a sister court declared the burden of proof to strike a pleading rests with the movant.   In re EBP, Inc., 171 B.R. 601 (Bankr. N.D. Ohio 1994).   While the amended plan was clearly untimely, Citizens has not claimed any prejudice or offered any support that convinces the court Citizens satisfied its burden in the face of the discountenance to strike a pleading.   Moreover, the same issues will remain if the current case is dismissed as a result of this procedural loss.   A new filing would then mean that we start all over.

For these reasons, the court finds the motion to strike is not well-taken and it will be denied by separate order to enter immediately.

It is so ordered.

#      #      #

**<u>Service List:</u>**

Wesley Curtis Smith
2397 Downing St SW
East Sparta, OH 44626

Gerald B. Golub
1340 Market Avenue North Suite 1
Canton, OH 44714

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702